McCULLOH *v.* ASSOCIATION HORLOGERE SUISSE *et al.*

(*Circuit Court, S. D. New York.* March 14, 1891.)

PATENTS FOR INVENTIONS—INSOLVENCY—RIGHTS OF RECEIVER.

Though it be conceded that under Rev. St. U. S. § 4898, the legal title to patents does not pass to the receiver of an insolvent debtor, the receiver of a dissolved corporation, which was the equitable owner of patents, may maintain a suit to compel the holder of the legal title to convey to him.

In Equity.

*Antonio Knauth,* for complainant.

*John H. Kitchen,* for defendants.

WALLACE, J. This bill is brought to set aside certain assignments of patents made by the defendant Pailard to the defendant the Association Horlogere Suisse, and to compel the last-named defendant to assign the patents to the complainant, the averments of the bill being that the assignments were made in fraud of the rights of the Non-Magnetic Watch Company, as equitable owner of the patents. It appears by the bill that the Non-Magnetic Watch Company was dissolved as a corporation, and the complainant was appointed receiver, by a decree of the supreme court of this state, and that by force of the decree, and the statute upon which it proceeded, the complainant, as receiver, became vested with all the estate, real and personal, of the dissolved corporation, including its property in the inventions described in the several letters patent. The defendants have demurred to the bill, and insist by their demurrer that the complainant cannot maintain the action, because it does not appear that there has ever been any assignment to the complainant of the patents by the Non-Magnetic Watch Company. It is argued in support of the demurrer that no interest can be acquired in letters patent except by an instrument in writing, under section 4898 of the Revised Statutes of the United States; and in support of this contention the cases are cited which hold that the legal title to a patent does not pass by a sale of the patent upon an execution against the owner, or to his assignee in insolvency by an assignment of his property by the court, or by a general assignment of all his property to a trustee for the benefit of creditors, or by the appointment of a receiver of the estate of an insolvent debtor. For the purposes of an action like the present, it is quite immaterial whether the complainant acquired or did not acquire the legal title to the patents in suit. If he did not, inasmuch as the corporation became extinct by its dissolution when he was appointed its receiver, no one else can acquire legal title, and for all practical purposes any title which did not vest in the complainant is extinguished. But the complainant acquired all the equities of the dissolved corporation. That being so, he can maintain an action against one having the legal title to the patent, in which it is alleged that the title of the defendant is subordinate in equity to the title of the complainant, and in which the relief sought is to compel the defendant to execute a conveyance of the patents.

All the parties are before the court who have any interest in such a controversy. Whether the complainant could maintain an action for the infringement of the patents, in which of course he would be obliged to show legal title, is a question which does not arise, and need not be considered. The demurrer is overruled.